**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER FAULKNER,

        Plaintiff - Appellant,

    v.

WAUSAU BUSINESS INSURANCE
COMPANY,

        Defendant - Appellee.

No. 12-15922

D.C. No. 2:10-cv-01064-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: BENAVIDES,[**] TALLMAN, and CLIFTON, Circuit Judges.

Plaintiff Peter Faulkner appeals from a grant of summary judgment in favor

of Defendant Wausau Business Insurance Company on his claims under Arizona

law for insurance bad faith and punitive damages. We reverse and remand.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the
U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Under Arizona law, the tort of insurance bad faith arises when an insurer (1) denies a claim without a reasonable basis to do so and (2) either knows it or is conscious of the fact that it does not have a reasonable basis for denying the claim. *Noble v. National Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981); *Lennar Corp. v. Transamerica Ins. Co.*, 256 P.3d 635, 641 (Ariz. Ct. App. 2011). "The carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim, and act promptly in paying a legitimate claim." *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000). At summary judgment, the inquiry is whether "reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Id.* at 280 (discussing standard for judgment notwithstanding the verdict).

Genuine disputes of material fact preclude summary judgment in this case. A reasonable jury could find that Wausau knowingly failed to undertake an investigation adequate to determine whether denying Faulkner's claim was tenable. *See Rawlings v. Apodaca*, 726 P.2d 565, 577 (Ariz. 1986). In particular, a jury could find that Wausau ignored crucial evidence confirming the work injury: eyewitnesses who saw Faulkner hurt his back on the job on February 14, 2008. A

2

phone call transcript indicates that in April 2008, Faulkner notified Wausau's claims adjuster, Matt Smith, about one eyewitness, but Wausau did no investigation into him. Wausau also did not inform the Independent Medical Examiner about the potential eyewitness even though the IME made clear in May 2008 that he needed additional verification that the injury occurred as Faulkner reported it. The IME stated, for instance, that if Faulkner had reported the injury promptly, that could have provided "adequate verification." A jury could therefore find that Wausau knew that an eyewitness could provide similarly "adequate" verification but unreasonably failed to investigate. Moreover, after Wausau denied Faulkner's claim in June, he filed three witness statements before the Industrial Commission of Arizona. Wausau still did not investigate any witnesses and waited more than five months before discussing them with the IME. This evidence creates genuine disputes of material fact on the bad faith claim. We reverse the district court's grant of summary judgment.

A jury need not accept Wausau's argument that the IME was supposed to take the injury for granted and merely determine whether the injury caused the observed symptoms. The IME himself implicitly rejected this characterization of his assignment when he testified at his deposition that he would have accepted witness statements as adequate verification of the injury, had they been provided to

3

him. Although Wausau draws different inferences from the record, we cannot affirm summary judgment by viewing the facts in the moving party's favor. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) ("[W]hen reviewing a grant of summary judgment, [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (quotation omitted) (second alteration original).

As for the evidentiary issues over which the parties spill much ink in their papers, the district court abused its discretion in excluding (1) the April 2008 transcript of the phone call in which Faulkner notified Smith about an eyewitness and (2) the witness statements filed before the Industrial Commission. First, the district court—quite understandably given the poor quality of the briefing and the unnecessarily voluminous record—overlooked the deposition testimony that authenticated the phone call transcript. Second, the witness statements are not hearsay to show that Wausau knew about them. *See Orr v. Bank of Am.*, 285 F.3d 764, 778 (9th Cir. 2002) (discussing hearsay rule); *see also United States v. Tamura*, 694 F.2d 591, 598 (9th Cir.1982) (admitting telexes describing a bribery scheme not for the truth of their contents but for the nonhearsay purpose of showing defendant's knowledge of the scheme).

The district court also abused its discretion in excluding as irrelevant portions of the IME's deposition testimony. The district court sustained a relevance objection to Plaintiff's Statement of Fact 129, which recited the IME's deposition testimony about the effect witness statements might have had on his medical opinion. But this testimony was plainly relevant, at a minimum, to show that Wausau's failure to share eyewitness information with the IME was unreasonable.

The district court did not abuse its discretion in excluding the *Houle* documents and Faulkner's expert evidence on claims handling. The *Houle* litigation documents are evidence concerning Liberty Mutual's claims handling practices in the 1990s, not Wausau's practices in 2008, and therefore were not relevant. Plaintiff's expert evidence likewise was not relevant because the expert did not review Wausau's documents. To the extent Faulkner had other evidence of Wausau's claims handling practices, he failed to specifically cite that evidence below. The district court did not abuse its discretion by declining to consider such evidence, and Faulkner cannot circumvent this rule by citing evidence for the first time on appeal. "Judges are not like pigs, hunting for truffles *buried in briefs*," much less buried in disorganized, scattershot evidentiary submissions—the situation facing the district judge here. *Christian Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (emphasis added) (quotation omitted); *see also Carmen v. San*

*Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001) (affirming summary judgment where the plaintiff failed to cite in opposition brief below the declaration establishing a genuine dispute of material fact). The various other evidentiary issues the parties raise appear to be immaterial, and we decline to address them. *See Orr*, 285 F.3d at 773 (explaining that evidentiary error requires reversal only if it could "alter[ ] the outcome of the summary judgment motion").

The district court granted summary judgment on punitive damages because the bad faith claim failed. That premise is no longer true. We reverse the grant of summary judgment as to punitive damages. *See Schmidt v. Am. Leasco*, 679 P.2d 532, 535 (Ariz. Ct. App. 1983) ("Whether to award punitive damages . . . is within the discretion of the jury."); *cf. Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1165 (9th Cir. 2002) (citing California law for proposition that "[d]eterminations related to assessment of punitive damages have traditionally been left to the discretion of the jury") (internal quotation marks omitted).

**REVERSED AND REMANDED**.